Cardamona v Greystone in Westchester Coop. #1, Inc. (2019 NY Slip Op 07046)





Cardamona v Greystone in Westchester Coop. #1, Inc.


2019 NY Slip Op 07046


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-12730
 (Index No. 60352/15)

[*1]Thomas A. Cardamona, et al., appellants, 
v
Greystone in Westchester Cooperative #1, Inc., et al., respondents, et al., defendant.


Finger & Finger, A Professional Corporation, White Plains, NY (Carl L. Finger of counsel), for appellants.
Geist, Schwarz & Jellinek, PLLC, White Plains, NY (Giacomo G. Micciche of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a 30-day notice to cure is null and void, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 29, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Greystone in Westchester Cooperative #1, Inc., and Anker Management Corp. which was for summary judgment, in effect, declaring that the 30-day notice to cure is not null and void on the ground that the notice violated Real Property Law § 235-f, and denied that branch of the plaintiffs' cross motion which was for summary judgment, in effect, declaring that the 30-day notice to cure is null and void on the ground that the notice violated Real Property Law § 235-f.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the 30-day notice to cure is not null and void on the ground that the notice violated Real Property Law § 235-f.
The plaintiffs commenced this action, inter alia, for a judgment declaring that a 30-day notice to cure served upon them by the defendants Greystone in Westchester Cooperative #1, Inc., and Anker Management Corp. (hereinafter together the defendants) is null and void on various grounds. The defendants moved, and the plaintiffs cross-moved, for summary judgment. The Supreme Court, inter alia, granted that branch of the plaintiffs' cross motion which was for summary judgment, in effect, declaring that the notice to cure is null and void on certain grounds. However, the court, among other things, also granted that branch of the defendants' motion which was for summary judgment, in effect, declaring that the notice to cure is not null and void on the ground that it violated Real Property Law § 235-f, and denied that branch of the plaintiffs' cross motion which was for summary judgment, in effect, declaring that the notice to cure is null and void on the ground that it violated Real Property Law § 235-f.
The plaintiffs appeal, challenging only the Supreme Court's determination on the second cause of action, which alleged a violation of Real Property Law § 235-f. We affirm the order insofar as appealed from, albeit on a ground different from that relied upon by the court.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law on that branch of their motion which was for summary judgment, in effect, declaring that the 30-day notice to cure is not null and void on the ground that the notice violated Real Property Law § 235-f (see Alvarez v Prospect Hosp. , 68 NY2d 320, 324). The defendants demonstrated, prima facie, that since the notice to cure contained no allegation that the plaintiffs violated the occupancy agreement by permitting an unauthorized occupant to occupy the premises, the notice to cure did not violate Real Property Law § 235-f. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York , 49 NY2d 557, 562). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment, in effect, declaring that the 30-day notice to cure is not null and void on the ground that the notice violated Real Property Law § 235-f. For the same reasons, we further agree with the court's determination to deny that branch of the plaintiffs' cross motion which was for summary judgment, in effect, declaring that the 30-day notice to cure is null and void on the ground that the notice violated Real Property Law § 235-f.
The defendants' remaining contention is without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, among other things, declaring that the 30-day notice to cure is not null and void on the ground that the notice violates Real Property Law § 235-f (see Lanza v Wagner , 11 NY2d 317, 334).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court